Rita Montoya
Name

11112 Colville Road S.E.
Address
Albuquerque, NM 87123

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

2026 MAY -5 PM 2: 30

CLERK-ALBUQUERQUE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Rita C. Montoya , Plaintiff
(Full Name)

CASE NO. 26cv1423-JMR

(To be supplied by the Clerk)

v.

The University of New Mexico
, Defendant(s)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.§1983

## A.   JURISDICTION

1) Rita C. Montoya , is a citizen of New Mexico
(Plaintiff)                                    ( State )
who presently resides at 11112 Colville Road S.E.
(Mailing address or place of confinement)
Albuquerque, NM 87123 .

2)   Defendant The Board of Regents of the Univ. of NM is a citizen of
(Name of first defendant)
Albuquerque, NM , and is employed as
(City, State)
Garnett S. Stokes, President . At the time the claim(s)
( Position and title, if any)    of UNM
alleged in this complaint arose, was this defendant acting under color of state law?
Yes ☑    No ☐    If your answer is "Yes", briefly explain:

XE-2    2/78    **CIVIL RIGHTS COMPLAINT (42 U.S.C. §1983)**

3) Defendant _Heather Jaramillo_ is a citizen of
(Name of second defendant)

_Albuquerque, NM_    _UNM_ , and is employed as
(City, State)

_Director of UNM CEEO Office_ At the time the claim(s)
( Position and title, if any)

alleged in this complaint arose, was this defendant acting under color of state.

Yes ☒    No ☐     If your answer is "Yes", briefly explain:

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

## B.  NATURE OF THE CASE

1) Briefly state the background of your case.

See Exhibit A 1
See Exhibit #1-A

## C.  CAUSE OF ACTION

1)   I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:  (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1)  Count I:

See  Exhibit 1  - Attached
see  Exhibit 1-A  - Attached

(2)  Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

See A Exhibit 1, 2, 3, 4, 5
1-A,

B)(1)  Count II:

see Exhibit 1

(2)  Supporting Facts:

see Exhibit 1, 1-A, 2, 3, 4, 5

C)(1)  Count III:

(2)  Supporting Facts:

D)  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐   No ☒    If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a)  Parties to previous lawsuit.

Plaintiffs:    _____

Defendants:   _____

b)  Name of court and docket number:

c)  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

d)  Issues raised:  _____

XE-2   2/78                          — 4 —

e) Approximate date of filing lawsuit: _____

f) Approximate date of disposition: _____

2) I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☐ No ☐ If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Lost wages from date of NON-HIRE to date of Resolution.

_____
N/a
Signature of Attorney (if any)

_____
Rita Montoya
Signature of Petitioner

Attorney's full address and telephone number.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.


Executed at ___Albuquerque, NM___ on ___MAY 5___ 20__26__
　　　　　　　　　　(Location)　　　　　　　　　　　　(Date)

_____
　　　　　　　　(Signature)

# EXHIBITS 1, 1-A, 2, 3, 4, 5

*Exhibit 1*

EEOC Form 5

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Statement and other information before completing this form.  **Ad**

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [X] FEPA | |
| | [X] EEOC | |

**New Mexico Dept of Workforce Solutions, Human Rights Bureau and EEOC**

| Name | An-a | Date of Birth |
|---|---|---|
| Rita Montoya | 505-977-0449 | 1953 |

Street Address                                   City State and ZIP

**11112 Colville Road SE, Albuquerque, New Mexico 87123**   Code

The Employer. Labor Organization Agency Apprenticeship Committee or State or Local Government Agency That I Believe Discriminated Against Me or Others

| Name | No. Employees. Members | Phone No. and Area Code |
|---|---|---|
| University of NM Compliance, Ethics and Equal Opportunity | 20 + | 505- 277-5251 |

**1 University of New Mexico MSCOS 3150, Albuquerque, New Mexico 87131-0001**

DISCRIMINATION

| | | |
|---|---|---|
| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
| [X] RETALIATION | [X] AGE | [ ] DISABILITY | [ ] GENETIC INFORMATION | |
| [ ] OTHER | | | | |

DATE(S) DISCRIMINATION TOOK PLACE

[ ] CONTINUING ACTION

See attachment- Charge of Discrimination

with this charge filed with both the EEOC and the State or local Agency, if any, will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures

NOTARY — When *necessary for* State and Local Agency Requirement

*Rita Montoya*  3/7/2025

I swear or affirm that I have read the above charge and that it is true to the of my knowledge, information and belief.

## Statement of Harm

a) In July 2024, I applied for UNM req 30356. On Sept. 6, 2024, I was notified by Heather Jaramillo, Director of UNM Office of Equal Opportunity that I was not selected for UNM req30356- Compliance Specialist. I was excellently qualified for this position as indicated in my resume. I believe the UNM Human Resources Dept., the UNM Office of Equal Opportunity, and Francie Cordova, Chief Compliance Officer UNM CEEO Office, are individually and collectively responsible for discriminating against me based on age; and for retaliating against me from July 2024 until November 4, 2024, for filing a complaint with UNM CEEO alleging age discrimination discriminated against my non-selection for UNM req30356.

b) On Sept. 24, 2024, I filed a complaint with the UNM CEEO Office alleging my non-selection for UNM req30356-Compliance Specialist was due to age discrimination. My complaint was assigned to Mei Lee Palmer in the UNM HR- Office of Labor and Employment. Ms. Palmer's attitude towards me was indifferent and unprofessional during the few times that she communicated with me via email about my complaint and the process of investigation. She deviated from the UNM CEEO investigative procedure and failed to conduct an Intake interview with me. In addition, Ms. Palmer failed to provide an opportunity for my submission of documents and evidence, did not provide an overview of any evidence she collected, and she failed to provide me with an opportunity to rebut the evidence. I believe her actions were motivated by retaliation for the fact that I filed a complaint of age discrimination against UNM CEEO staff regarding my non-selection for UNM req30356.

c) On November 4, 2024, I received electronic notification from Francie Cordova, Chief Compliance Officer, that my complaint of age discrimination filed with UNM CEEO regarding my non-selection for UNM req30356 was dismissed. On 11/5/2024, I filed an appeal of the dismissal by Ms. Cordova to UNM President Garnett Stokes but in December 2024, she dismissed my appeal

## Respondent's Discriminatory and Retaliatory Actions

a) I believe the reason set forth by Respondent for my non-selection for UNM req30356 is a pretextual attempt to disguise their inherent age bias and preference for a younger applicant. I have 40 plus years of directly related investigative experience, and I believe it is highly unlikely that any of the other applicants or the selectee were as well qualified as me based upon the qualifications listed in the job announcement.

b) The blatant acts of retaliation towards me by Mei Lee Palmer during her inadequate, incomplete and flawed investigation of my complaint was condoned and supported by Ms. Cordova. The decision by Ms. Cordova to dismiss my age discrimination complaint without conducting a proper investigation is shameful and appalling, assuming their apparent knowledge and training in EEOC laws, EEOC Retaliation, the UNM CEEO investigative process, and proper standards and steps during an investigative process.

c) *On October 30, 2024*, I filed a complaint of retaliation with UNM CEEO office because of the many acts of retaliatory treatment I experienced during Mei Lee's handling of my age discrimination complaint re: UNM req30356. *On November 4, 2024*, I received electronically a Letter of Dismissal from Francie Cordova. I believe the time proximity is obvious and shows evidence of another instance of a retaliatory animus and motive by Ms. Cordova.

## Statement of Discrimination and Statement of Retaliation

I believe that I was discriminated against due to my Age, (71), in violation of the New Mexico Human Rights Act of 1969, and the Age Discrimination in Employment Act of 1967, all as amended. I believe that I was retaliated against by UNM officials for filing a complaint of age discrimination with UNM CEEO office against the Director of the UNM Office of Equal Opportunity regarding my non-selection for UNM req30356.

Rita Montoya

Rita Montoya

Date: March 7, 2025

EXHIBIT ☞ Rita Montoya

**1 - A**

Summary of the Facts of the Case by Charging Party: Rita Montoya

1. On June 29, 2023, Rita Montoya was informed she was not hired for UNM req25253 and UNM req26656. Shortly thereafter, she filed her first complaint of alleged unlawful discrimination with UNM CEEO office. It is important to point out that this complaint was assigned to Luis Molina, Compliance Specialist/UNM CEEO office. Mr. Molina conducted a full investigation in accordance with the procedures set forth in the UNM CEEO manual and complaint procedures. Ms. Montoya was afforded the opportunity to hear Respondent's evidence, to submit evidence to Luis Molina for consideration, and to speak to him before a final decision was rendered by the UNM CEEO office. During the course of the investigation, after several months of no communication with Mr. Molina, I contacted Heather Jaramillo, Director of UNM CEEO, and Francie Cordova, UNM CEEO officials, to inquire about the status of her complaint.

2. In July 2024, Ms. Montoya applied for UNM req 30356, Compliance Specialist position vacancy in the UNM CEEO office. Ms. Montoya was interviewed by a panel of UNM CEEO managers. In Sept. 2024, Ms. Montoya was notified via email that she was not hired for the position.

3. On September 24, 2024, Ms. Montoya filed a complaint with the UNM CEEO office regarding her non-hire for UNM req30356/Compliance Specialist alleging unlawful discrimination based on age, 71.

4. On 10/30/2024, Ms. Montoya filed a second complaint with UNM CEEO office alleging that the decision to assign her complaint to the UNM HR department (Mei Lee Palmer) was a deviation from the UNM CEEO's normal investigative process and a retaliatory act by UNM. Additionally, Ms. Montoya complained about Mei Lee Palmer's unprofessional and inappropriate handling of her complaint was retaliatory in that she refused to communicate with her, refused to provide a detailed explanation of the "investigative process" that UNM HR Dept. was going to follow. Ms. Palmer also denied Ms. Montoya: a) the right to an intake interview, b) denied her the right to submit evidence, c) denied her the right to rebut respondents' evidence as required in the UNM CEEO Procedures manual and Complaint process. See emails from Rita Montoya to Mei Lee Palmer. Attachment ___

5. On 11/4/2024, Francie Cordova emailed a Dismissal Letter to Rita Montoya of her Montoya's age discrimination complaint without conducting a proper investigation as discussed in #4. The issuance of a Dismissal was in retaliation for filing an online retaliation complaint with UNM CEEO office complaining about the unprofessional, and improper handling of her complaint by Mei Lee Palmer and the UNM HR Dept.,

Page | 1

and Francie Cordova, Chief Investigator/UNM CEEO. The timing of the Dismissal is very suspicious as the Dismissal was issued only a few days after Ms. Montoya filed her retaliation complaint with the UNM CEEO office.

In addition, the decision by F. Cordova to issue the Dismissal is clearly a **conflict of interest in violation of UNM Policy** as Ms. Montoya had identified Francie Cordova as one of the UNM officials who discriminated against her; and retaliated against her; regarding the hiring process, in addition to the investigation of EEO complaints filed by Montoya with UNM CEEO office.

6. In November 2024, Rita Montoya appealed the 11/4/2025 Dismissal to UNM President Garner Stokes. The appeal was denied by President Stokes in December 2024. Note: The decision by President Stokes to deny did not address the allegations of conflict of interest, age discrimination; or EEOC protected class retaliation as set forth in Ms. Montoya's complaints to UNM CEEO, and in the Appeal to President Stokes. See UNM CEEO complaints filed by Ms. Montoya and the Denial of Appeal Letter from President Stokes.  Attachment ____

7. In December 2024, Rita Montoya was informed via email from F. Cordova that UNM was hiring an outside entity to investigate the complaint of retaliation filed by Rita Montoya with UNM CEEO office against UNM CEEO officials. Attachment _____

8. On January 15, 2025, Rita Montoya was contacted by LaShun McGhee, Senior Solutions Specialist with Grand River Solutions. On January 15, 2025, Ms. Montoya was interviewed by Ms. McGhee via a Teams Platform. On January 17, 2025, Rita Montoya emailed Ms. McGhee to confirm the allegations of conflict of interest (Francie Cordova), age discrimination and retaliatory actions as set forth by Ms. Montoya during the Jan. 15, 2025, interview. For several months, Ms. Montoya received no clarity from Ms. McGhee regarding her questions about the scope of Ms. McGhee's investigation or the outcome of the investigation.

9. On March 7, 2025, Rita Montoya filed a complaint with the NM Human Rights Bureau alleging UNM CEEO discriminated against her because of age, 71; and retaliated against her for filing a complaint against the UNM CEEO office.

10. On several occasions, Rita Montoya emailed Ms. McGhee again to obtain status about the investigation.  Ms. McGhee responded by email stating she was still waiting for clarification and direction from UNM officials about how to proceed after submission of her summary of the interview with Rita Montoya. On April 17, 2025, Ms. McGhee advised the process was still underway and would have more information to share in the coming days.

11. On April 22, 2025, LaShun McGhee emailed a document to Rita Montoya titled Notice of Non-Jurisdiction, concluding her involvement in the investigation of Ms. Montoya's complaint. NOTE: THIS DOCUMENT IS NO LONGER AVAILABLE IN EMAIL

Page | 2

TO PRESENT AS EVIDENCE AS IT DISAPPEARED. When Rita Montoya clicks on the document, this message appears.

# The page you were looking for cannot be found. You may have mistyped the address or followed an expired link.

12. **BackVisit SupportContact Support**

13.

Francie Cordova's signature was on the "Intake and Jurisdictional Review " sent to Ms. Montoya when she opened the email on 4/22/2025. Shortly thereafter, Ms. Montoya returned to her in box to retrieve Ms. McGhee's email, but it had mysteriously disappeared from the email.

This is proof and evidence of a conflict of interest per UNM policy as Ms. Cordova was identified by Ms. Montoya as one of the UNM CEEO officials who discriminated against her and retaliated against her.

*Note: This document and the full report are critical evidence, and Ms. Montoya is very hopeful it will be provided to NM HRB in response to Investigator E. Romero's ongoing requests for a copy of the LaShun McGhee report. Attempts by Rita Montoya to request this document from Gianna Mendoza, University Counsel, were unsuccessful. Ms. Montoya is hopeful NM HRB will obtain the documents as they are critical to the investigation of Ms. Montoya's charge.*

12.     After receiving the 4/22/2025, email, Ms. Montoya wrote a letter to Ms. McGhee complaining about the inadequate investigation stating it is a deliberate recap of President Stokes findings, that an investigation did not take place, and the fact that it was signed by Francie Cordova.

13. Immediately thereafter, Ms. Montoya filed a retaliation complaint with UNM CEEO office regarding the document sent by Ms. McGhee on 4/22/2025. Ms. Montoya alleged it was retaliatory as it was a rubber stamp of Ms. Cordova's Dismissal notice, and because Ms. McGhee's involvement in the Intake and Jurisdictional Review process was directed by Francie Cordova and that it was a conflict of interest as Ms. Cordova oversaw the scope of the investigation when it was supposed to be a neutral investigation. Ms. Cordova's failure to remove herself from any involvement in the LaShun McGhee investigation and report is blatantly unethical.

14. On June 17, 2025, Rita Montoya contacted the NM HRB and filed an amended charge for HRB charge #25-03-02095 adding additional allegations to the charge.

15. On February 20, 2026, the NM Human Rights Bureau issued a Letter of Determination- No Probable Cause relating to NM HRB charge #25-03-0205.

## From: Rita Montoya

## RE: Chronology of Events relating to Non-selection for UNM 30356

- On **9/6/2024**, Applicant: Rita Montoya, was notified via email from Heather Jaramillo, UNM Director of Equal Opportunity, that she was not selected for UNM req30356.
- On **9/6/2024**, Rita Montoya was advised via email from Heather Jaramillo that she had the right to file a discrimination complaint regarding her non-selection for UNM req30356 and that it would be investigated by an outside entity due to the conflict of interest.
- On **9/24/2024**, Applicant: Rita Montoya, filed a report with the UNM CEEO alleging she was unlawfully denied selection for UNM req 30356 – Compliance Specialist.
- On **10/17/2024**, Rita Montoya emailed Heather Jaramillo notifying her that she had not been contacted by UNM HR regarding her report of unlawful discrimination relating to non-selection for UNM req30356. Ms. Jaramillo sent Rita Montoya via email the email contact information for Mei-Lee Palmer in UNM Employee and Labor Relations/HR dept. who was assigned to her report/complaint of discrimination.
- On 10/17/2024, Mei Lee Palmer emailed Rita Montoya and informed her: "Your concern is being investigated and you will be contacted once the investigation is complete".
- On 10/17/2024, Rita Montoya emailed Mei Lee Palmer and asked the following question: "I have a question......how can my discrimination complaint be investigated if the Investigator has not yet made contact with Complainant - Rita Montoya? "
- On 10/27/2024, Rita Montoya emailed Mei Lee Palmer as follows: "If possible, will you please give me an update regarding the status of the complaint I filed? I would like to speak with the assigned Investigator as soon as possible as I have additional evidence to submit for consideration during the investigative process. Thank you for your time and professional courtesies".
- On 10/23/2024, Mei Lee Palmer emailed Rita Montoya as follows: "The review is still in process. Thank you for reaching out."
- On 10/29/2024, Rita Montoya sent the following email to Mei Lee Palmer:
  *Good Morning Ms.Palmer:*

  *On 10/23/2024 I contacted you for an update regarding my discrimination complaint filed with UNM CEEO which was reassigned to your office due to a conflict of interest. You responded: "the review is still in process".*

  *I have tried to be patient with the delay with the processing of my complaint but by now I should have been contacted by an Investigator. I understand you have many responsibilities relating to your position but I respectfully request a more definitive reply.*

  *Who is reviewing this matter?*

  *UNM CEEO has a formal process in place to file a discrimination complaint and I should have been contacted and interviewed by this time; and permitted to provide evidence in support of my complaint. The fact that no action has taken place regarding my complaint raises the reasonable question whether I am being retaliated against by UNM and should file a retaliation complaint. I am wondering if I should contact Francie Cordova for more directions.*

  *If UNM is open to mediation and/or resolution, I am willing to participate; and if we reach a mutually agreeable financial settlement, I will agree in the future to not apply for employment with UNM. My preference is to resolve this matter informally and to not have to hire an attorney to represent me.*

  On 10/30/2024, Rita Montoya received an email from Mei Lee Palmer which stated the following:

Ms. Montoya,

LER is Labor and Employee Relations within the Human Resources (HR) division. Per the Discrimination Grievance Procedure (DGP) a full investigation is not required in every circumstance and a modification of the Formal Investigation Process may be used. This information is listed below.

Please see DGP, Section VII, C. Modification of the Formal Investigation Process listed below.

C. Modification of the Formal Investigation Process

CEEO may elect to deviate from standard process when facts or situations require it. Any deviation from standard reports will be described in detail in the Investigative Report and will include the reasoning for this deviation. Examples include, but are not limited to:

1. Unaffiliated Respondents. If the Respondent is unaffiliated with UNM or becomes unaffiliated with UNM, CEEO may continue the formal investigation and issue an Investigative Report.

2. Hiring or Policy Challenges. CEEO may accept a hiring or policy challenge based on protected status, where the complaint demonstrates a potentially disparate impact on Complainant. In these situations, CEEO may elect to name a department, division, unit, or office as Respondent and review the hiring process, procedure, candidate pool, or hiring outcome. In these situations, CEEO may not name a specific Respondent and will issue only a Final Report, similar to a climate assessment described herein. See Section IX.

3. Failure to Report. See Section IV(C)(1).

As previously stated in response to your emails, your concerns are being investigated. Please allow us to complete the process.

Respectfully,

Mei-Lee

- On 11/4/2024, Francie Cordova, UNM Chief Compliance Officer, emailed a Dismissal Letter to Rita Montoya and advised her of her right to file an Appeal.
- On 11/4/2024, an email was sent by Rita Montoya to Francie Cordova as follows:

Thank you for your reply, Ms. Cordova.

I disagree with the decision to dismiss my complaint. In addition, I disagree with the biased way Ms. Jaramillo characterized my responses to the interview questions. I have a recording of the interview. I have been doing this type of work for 40 + years and I know how to investigate complaints of discrimination, assess evidence, and make a decision based upon EEOC theories of discrimination.

If UNM had indicated they were looking for an attorney, I would not have applied. This is the third time I have not been selected because the selectee is an attorney. At his point, am I entitled to receive the documents acquired during the investigative process?

My email interactions with UNM staff relating to my complaint have been unprofessional to say the least. These individuals act like elitists and refuse to provide contact information to speak with them about the case. The investigations conducted by UNM CEEO or UNM Employee and Labor Relations are one sided, biased towards UNM, and lacking in substance.

My complaint was ignored for over a month by Mei Lee Palmer and my email inquiries were not addressed until I pressed for answers about the process. For some reason, the UNM CEEO Staff and UNM Employee and Relations staff refuse to speak by phone with individuals who file a complaint through their process. Why? I'm an experienced Investigator and Mediator and consistently make myself available to complainants and respondents if needed. The way UNM CEEO investigates complaints is shameful, poor customer service and clear-cut act of retaliation.

FYI: I filed a retaliation complaint through the UNM CEEO complaint process last week. I also filed a discrimination/retaliation complaint with the US Dept. of Education Office for Civil Rights office in Denver, CO. I will likely file an age and retaliation complaint with the NM HRB in accordance with my rights.

I anticipate I will receive a dismissal letter regarding the retaliation complaint filed with UNM CEEO.

I am currently in the process of interviewing attorneys to represent me.

I still believe that UNM systematically discriminates against older applicants because of age bias and think it's ok if they hire someone who is in his/her forties.

2 | P a g e

- On 10/30/2024, Rita Montoya filed a complaint of unlawful retaliation by Mei Lee Palmer through the UNM CEEO complaint process
- On 11/5/2024, Rita Montoya filed a complaint alleging unlawful retaliation by Mei Lee Palmer and Francie Cordova through the UNM CEEO complaint process.
- On 11/5/2024, Rita Montoya filed a Request for Appeal to UNM President Garnett Stokes due to: a) Procedural irregularity which affected the outcome, b) Decision-maker had a conflict of interest or bias against a party which affected the outcome, c) Retaliation against Rita Montoya for questioning the investigative process used by Mei Lee Palmer. The flawed superficial investigation conducted by Ms. Palmer was an extreme deviation from the established UNM CEEO investigative process for a formal complaint as set forth in their website.
- In December 2024, Rita Montoya received a letter via email from UNM Garnett Stokes dismissing her APPEAL to President Stokes.
- In December 2024, Rita Montoya emailed Francie Cordova requesting status of her complaints of retaliation filed with UNM CEEO. Shortly thereafter, Rita Montoya received an email from Francie Cordova notifying her that UNM hired an outside Investigator to investigate the complaints of Retaliation filed by Rita Montoya through UNM CEEO office.
- On March 7, 2025, Rita Montoya filed a formal complaint with the New Mexico Human Rights Bureau relating to her non-selection for UNM req 30356-Compliance Specialist.
- In January 2025, Rita Montoya was contacted via email by LaShun McGhee stating that she was hired by UNM to investigate the retaliation complaint filed by Rita Montoya with UNM CEEO office. On January 15, 2025, Ms. Montoya was interviewed by Rita Montoya regarding her allegations of retaliation and age discrimination.
- On April 22, 2025, LaShun McGheee emailed to Rita Montoya a letter signed by Francie Cordova stating that her findings were consistent with the decision issued by President Stokes.
- On April 22, 2025, Rita Montoya emailed LaShun McGhee stating she was dissatisfied with the findings as Ms. McGhee did not investigate her detailed allegations of retaliation against her by Francie Cordova and Mei Lee Palmer; and the rubber stamping of President Stokes decision.
- On April 22, 2025, Ms. Montoya emailed Francie Cordova alleging conflict of interest by her direct involvement in the hiring and decision issued by LaShun McGhee.
- On June 17, 2025, Rita Montoya filed an amended charge against UNM with the NM HRB office.
- On 11/10/2025, UNM -University Counsel, Gianna Mendoza, emailed a letter to Edward Romero, Civil Rights Investigator/NMHRB, responding to his Oct. 6, 2025, Request for Information and Documents. This letter states:
  " UNM is not in the possession of any investigative report prepared by La Shun McGhee, and any communications between Ms. McGhee and University Counsel are protected by attorney/client and/or work product doctrine".

*Exh. b. + 3*

HRB # 25-03-0209-S



Department of Workforce Solutions
Human Rights Bureau
2600 Cerrillos Road, Santa Fe, NM 87505
Phone: (505) 827-6838   Fax: (505) 827-6878

HRB-8a
Page 1

| NMAC 9.1.1.10(A)-(B) | Letter of Determination—No Probable Cause |
| --- | --- |

**Certified Mail Return Receipt Requested**

February 20, 2026

Rita Montoya
11112 Colville Road SE
Albuquerque, NM 87123

Re:  **Rita Montoya vs. University of New Mexico**
**HRB #25-03-0209-S**
**EEOC#39B-2025-00164**

Dear Rita Montoya:

In accordance with Section 28-1-10(B) of the New Mexico Human Rights Act, the State of New Mexico Department of Workforce Solutions Human Rights Bureau (the "Bureau") issues this determination of **NO PROBABLE CAUSE**, based on its investigation of the above-referenced complaint.

In your March 7, 2025, Charge of Discrimination, you allege you were discriminated against on the basis of age and retaliated against in violation of the Age Discrimination in Employment Act of 1967 and the New Mexico Human Rights Act, both as amended.

To prove a case of non-selection based on age, Charging Party (CP) must show that (1) CP is a member of a protected class; (2) CP applied for a job for which she met the stated qualifications; (3) CP was rejected; and (4) Responding Party (RP) filled the job with someone outside CP's protected class or continued to seek applications from person with similar qualifications. CP meets elements of proof (1), (2), and (3). CP applied for a position that she was qualified for and was not selected for the position. CP does not meet element (4). The individual selected for the position is in the same protected class as CP. RP articulated a legitimate, nondiscriminatory reason for not hiring CP: the selected candidate was a stronger fit for the position, holds a juris doctorate, and is proficient in Spanish and English.

To prove a case of retaliation, CP must show that (1) CP opposed what she reasonably and in good faith believed to be an unlawful employment practice or participated in the EEO process, (2) RP subjected CP to a tangible employment action that would likely discourage a reasonable person from opposing discrimination, and (3) there was a causal connection between CP's

HRB # 25-03-0209-S

Department of Workforce Solutions
Human Rights Bureau
2600 Cerrillos Road, Santa Fe, NM 87505
Phone: (505) 827-6838    Fax: (505) 827-6878

HRB-8a
Page 2

protected activity and the adverse treatment. CP meets element of proof (1). CP does not meet elements (2) or (3). CP is still able to apply for positions with RP. CP's internal retaliation complaint was filed in October 2024, regarding the alleged deviation from the standard practice. The investigatory finding for that complaint was issued prior to the filing of CP's retaliation complaint. RP articulated a legitimate, nondiscrimination reason for the actions taken: because CP's complaint was against the CEEO, they did not participate in the investigation, to avoid a perceived or actual conflict.

After considering all the evidence submitted by the parties to the Bureau, I find the evidence insufficient to show that the Respondent unlawfully discriminated against you on the bases of age or retaliation. Therefore, I have determined that **NO PROBABLE CAUSE** exists to believe that discrimination occurred, and I am hereby **DISMISSING**, with prejudice, the above-referenced complaint. Respondent will be notified by copy of this Determination.

You may obtain judicial review of this Determination of No Probable Cause by filing a notice of appeal in the form of a complaint with the District Court of the county where the alleged discriminatory practice occurred or where the Respondent does business. The Bureau should not be named as a party to the appeal, unless you have an independent and separate claim against the Bureau. The appeal to the District Court is in the nature of a lawsuit between the parties. The notice of appeal must be filed within ninety (90) days of the date of service of this Determination and in accordance with NMSA 1978, §28-1-13 of the New Mexico Human Rights Act and Rule 1-076 NMRA of the Rules of Civil Procedure for the District Courts. You must serve a copy of the notice of appeal personally or by certified mail, return receipt requested, on all parties at their last known address, and on the Bureau at its offices in Santa Fe.

IF YOU DO NOT FILE A NOTICE OF APPEAL WITH THE APPROPRIATE DISTRICT COURT WITHIN NINETY DAYS OF SERVICE ON YOU OF THIS DETERMINATION AND PROPERLY SERVE THE NOTICE OF APPEAL, AS REQUIRED BY § 28-1-13, YOUR NOTICE OF APPEAL MAY NOT BE CONSIDERED BY THE COURT.

Because the above-referenced complaint was concurrently filed with the Equal Employment Opportunity Commission ("EEOC") under the Age Discrimination in Employment Act, you also have the right to request that the EEOC conduct a *Substantial Weight Review* of this Determination. If you have any questions regarding a *Substantial Weight Review*, please contact:

EEOC Phoenix District Office
State and Local Unit
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
or via email: phx_sltp@eeoc.gov



HRB # 25-03-0209-S

Department of Workforce Solutions
Human Rights Bureau
2600 Cerrillos Road, Santa Fe, NM 87505
Phone: (505) 827-6838    Fax: (505) 827-6878

HRB-8a
Page 3

To obtain a *Substantial Weight Review*, you must send your request in writing, within <u>15 days</u> of the date of your receipt of this Determination to the above address.

YOUR REQUEST FOR A SUBSTANTIAL WEIGHT REVIEW BY THE EEOC WILL NOT EXTEND THE 90-DAY PERIOD FOR APPEAL TO THE DISTRICT COURT. IF YOU INTEND TO APPEAL, YOU MUST DO SO WITHIN 90 DAYS FROM RECEIPT OF THIS DETERMINATION, EVEN IF YOU REQUEST A REVIEW BY THE EEOC.

Sincerely,

Signed by:
*Janya Kelley*
DE189426CFA349B

Tanya Kelley, Director
Labor Relations Division

cc: Gianna Mendoza, Senior Associate University Counsel for Respondent

Exhibit 4

**THE UNIVERSITY OF NEW MEXICO**    OFFICE of THE CUSTODIAN OF PUBLIC RECORDS

February 17, 2026

<u>Via Email Transmission</u>: rita.montoya001@comcast.net
Rita Montoya
11112 Colville Road SE
Albuquerque, NM, 87123

Re:    **IPRA Request No. 26-107**

Dear Requester:

This letter is in response to your Inspection of Public Records Act (IPRA) request received on February 6, 2026, for the following:

> *In December 2024, Francie Cordova, UNM CEEO office, hired LaShun McGhee, an external Investigator with Grand River Solutions, to investigate a complaint of retaliation I filed against her and the UNM CEEO office, when they unlawfully did not hire me for UNM req30356. This complaint is currently being investigated by the NM Human Rights Bureau. UNM University Counsel refused to provide this document to the NM HRB because of Attorney/Client privilege.*
> *Therefore, I am requesting to obtain these documents through this portal because they are critical to the investigation of my complaint being conducted by NM HRB.*

To the extent that any records responsive to your request exist, they would be considered privileged and exempt from public production pursuant to attorney client privilege, see NMSA 1978, § 14-2-1(N) "as otherwise provided by law," specifically NMRA 11-503, as well as NMSA 1978 §14-2-1(G) and additionally as matters of opinion in personnel files, see NMSA 1978 § 14-2-1(C).

This request will be closed.

Sincerely,

*Robert M. Tafoya*

Robert M. Tafoya
Custodian of Public Records
Office of the Custodian of Public Records

To whom it may concern:

Please accept my Application and Resume for req30356

I have a bachelor's degree from University of Texas at Austin, and 30+ years of job experience conducting workplace investigations for: 1) A federal agency - the US EEOC – Dallas and Albuquerque offices 2) My independent EEO Consulting firm dba Strategic Solutions in New Mexico. In this capacity, it is my responsibility as a neutral party to conduct interviews, request and acquire evidence, analyze relevant policies, documents, testimonial evidence, assess the evidence, and issue a factual conclusion. At the conclusion of the investigation, Letters of Determination or Letters of Finding are issued to the appropriate parties.

The parties I interact with during the investigative process come from various educational, socioeconomic, races, ethnicities, linguistic, age, gender, and gender identity backgrounds.

Having served as an Investigator for the US EEOC; and as an independent Investigator for 30 plus years, I am very qualified for the position. I have extensive job related experience reviewing complaints, preparing investigative plans, requesting relevant documents (policies, procedures, job descriptions, medical records), conducting interviews with complainants, respondents and other witnesses relating to the investigation of the complaint, assessing documentary and testimonial evidence, making credibility assessments, issuing letters of determination regarding the merits of the complaints, determining the appropriate remedy/remedies relating to the letter of determination violation; and responsibility to set forth recommendations for the employer to proactively resolve their compliance related concerns and deficiencies. These recommendations may involve policy revisions, disciplinary actions for the accused employee, mandatory training for managers and supervisors in topics relating to the violation.

Through my job experience, I possess the proven ability as a neutral Investigator to apply actual discrimination case situations to employer policies and procedures, and federal laws to assess and determine if the evidence supports a violation of employer's EEO policies and/or a violation of local, state, or federal EEO laws.

During my many years of employment with US EEOC, the NM WCA, and my firm- Strategic Solutions, I acquired the proven expertise, knowledge, and ability to interact with individuals from various cultures, educational and socioeconomic statuses, races, ethnicities, age, gender, and gender identity, and linguistic backgrounds.

As an Investigator and Mediator for the US EEOC, I successfully handled large caseloads, contributed significantly to the numeric goals and expectations of the agency, consistently met time management expectations, and was evaluated as an Outstanding employee throughout my career as a Mediator because of my high success rate, the total number of completed cases during the fiscal year, and my time management expertise.

During the time I was employed as a Mediator for the US EEOC, I managed the Mediation Unit and oversaw all administrative duties relating thereto. As a paid EEO Consultant, I conduct internal investigations for employers and conduct EEO training for private and public employers. I assisted

Albuquerque employers to accomplish goals set forth in EEOC Consent Decrees ie training employees about EEOC laws; and writing consent decree reports to submit to the US EEOC on behalf of the employer.

From 1976-1977, I worked as an Investigator for the US Dept. of Education/Office for Civil Rights in Dallas, TX. I investigated discrimination complaints filed by individuals against school districts and educational entities within the jurisdiction of the Dallas OCR office. I worked as a member of an investigative team whose responsibility was to conduct on-site investigations of the complaints. During the onsite investigation, interviews were conducted with complaining parties, school district officials, high ranking educational institutional officials regarding the allegations of discrimination alleging Title IX violations and violations of Title VII and other laws enforced by US EEOC. I left this job to accept employment with the US EEOC-Dallas district office.

I was employed as a Human Resources Specialist for an employer in Albuquerque, NM from 2013-2022. In that capacity, I used my knowledge of HR laws to revise the employer's Employee Manual, conducted new employee orientation, conducted training sessions for employees in EEOC laws, FMLA law, and Workers Compensation law. In addition, I advised and managed all compliance issues and concerns for Managers and the CEO.

In closing, my qualifications as reflected in my resume are evidence that I am excellently qualified for the req30356.

Best regards,

Rita Montoya
rita.montoya001@comcast.net
505-977-0449

*Exhibit 5*

# Resume for Rita Montoya

Rita C. Montoya
E-Mail: Rita.Montoya001@comcast.net
505-977-0449

Proven expertise as an EEO Investigator, ability to write complex EEO investigative reports, Trainer in EEOC Laws, EEOC Mediator, Human Resources Specialist, and NM WCA Ombudsman

| | |
|---|---|
| **1/2009-Present** | ***EEO Consultant***<br>dba Strategic Solutions<br>Albuquerque, NM  87181-1825 |

Independent EEO Consultant with the knowledge, experience, and skill set necessary to provide a variety of EEO services for law firms, private and public sector employers, and private and public educational institutions including discrimination, harassment, sexual harassment, and Title IX concerns.

Receive assignments from private and public employers to: 1) Conduct EEO Counseling; 2) Design comprehensive EEO Anti-Harassment Policy and Complaint process; 3) Conduct Investigations of internal and external Sexual Harassment complaints and EEO complaints filed against the employer,4) Prepare detailed EEO Investigative Reports; and 5) Provide hands on Training in EEOC Laws (Title VII, ADA, ADEA, EPA, and GINA), 6) Assist employers with FMLA and ADA concerns, 7) Provide advice to employers about personnel issues in their workplace involving EEO, discrimination, harassment, and civil rights concerns brought forth by employees in their workplace.

In addition, I provide advice to Employers, HR personnel, about EEOC Consent Decrees, EEOC laws, EEOC Court cases, Changes to EEOC laws (transgender cases).

| | |
|---|---|
| **1/2010-Present** | ***Contract Mediator***<br>U.S. Equal Employment Opportunity Commission<br>Phoenix District, San Francisco District, and LA District |

Employed as a Contract Mediator, (formally trained by U.S. EEOC Headquarters in Alternative Dispute Resolution (ADR) techniques), who has the knowledge, experience, and skill set necessary to conduct in-person Mediation conferences for eligible charges of Discrimination and Harassment- (Title VII, ADEA, ADA, EPA, GINA), filed with the EEOC-Phoenix District office.

Serve as a neutral third party who leads a Mediation Conference attended by the Complainant and Respondent. I expertly negotiate and resolve EEOC charges of Harassment and Discrimination filed by a Charging Party against a Respondent Party - (Employer) and prepare the written Settlement Agreement reached between the parties.

Responsible to convene the mediation conference, educate Complainant, Respondent, Legal Counsel, about the EEOC mediation process, and assist with the preparation of a proposal based on the allegations and legal remedies relating to the case. During the mediation caucusing process, I shuttle to assigned ZOOM rooms for the participants where I engage them in confidential caucusing where open and direct interactive discussions are held about the strengths and witnesses of the case vis a vis the EEOC law(s) which pertain to the case.

| | |
|---|---|
| 07/2022-01/2023 | ***Ombudsman***<br>NM Workers' Compensation Administration |

Page | 1

2410 Centre SE, Alb., NM    87125
505-841-6000

Employed as a full-time Ombudsman in the NM Workers' Compensation Administration (WCA) Ombudsman Bureau where my primary job responsibility was answering hotline calls from the public. More specifically, job duties encompassed acting as a front-line resource to the public (workers, employers, insurers, and insurance adjusters). Job duties involved educating callers about the WCA, the WCA process, and their rights relating to the WCA' compensation system process. Provided technical assistance for workers and employers relating to the WCA claim filing process, complaint filing process, WCA mediation hearings, and WCA trial proceedings.

Successfully facilitated and resolved many disputes between workers, employers, and insurance adjusters relating to workers compensation claims. Additionally, conducted Outreach in the community to inform and educate local stakeholders about the NM WCA.


8/2013-1/6/2022                     ***Human Resources and EEO Specialist (part-time)***
Pitre Buick GMC Dealership
Albuquerque, NM

Employed as a part-time HR/EEO Specialist responsible to oversee and ensure compliance with local, state, and federal government laws and regulations relating to employment, employee relations, and the automobile industry.

During my employment, I conducted new employee orientation for the two Albuquerque car dealerships, oversaw the dealership's electronic HR Platform, and conducted federal compliance related training for Managers and staff.

Additionally, duties and responsibilities involved responding to formal charges of employment discrimination filed against the dealership; responding to claims filed by former employees for Unemployment benefits; and responding to employee claims for Workers Compensation.

Provided advice to dealership Managers regarding employee relations and compliance matters. Revised and updated the Dealership's Employee Handbook.

**From 2014 - 2016**, I was the designated "Monitor" for Pitre Buick GMC relating to the requirements set forth in the **Consent Decree** reached between the US Equal Employment Opportunity Commission (EEOC) and the Dealership. As such, I was the person designated by the Dealership to oversee and assure the Dealership's successful compliance with all requirements set forth in the EEOC Consent Decree. I performed the following tasks relating to the two-year EEOC Consent Decree: 1) Design of the dealership's EEO Policies & Complaint Process, 2) Conducted in person required Sexual Harassment Training sessions for Managerial and Non-Managerial Staff, 3) Investigated internal complaints of gender Discrimination, 4) Prepared the written Investigative Reports relating to internal investigations of internal complaints, and 5) Wrote the annual Consent Decree Report, and annual Monitor Report for submission to the EEOC throughout the duration of the two-year EEOC Consent Decree.

10/2012-11/2015                     ***EEO (Equal Employment Opportunity) Specialist***
IHOP-Adi Franchises
Albuquerque, NM

Employed as an EEO Specialist responsible to provide a variety of EEO services for nine IHOP franchises which included the following tasks:

From 2012-2015, I was the designated company official responsible for compliance with the Consent Decree reached between IHOP-Adi Franchises and the U.S. EEOC who performed the following tasks relating to compliance with the three-year EEOC Consent

Decree: 1) Designed the company's EEO Policies & Complaint Process, 2) Conducted the required Sexual Harassment Training for non-Managerial staff and Managerial staff, 3) Investigated internal complaints of unlawful Harassment and Discrimination, and 4) Prepared detailed Consent Decree Reports for submission to EEOC every six months throughout the duration of the three-year Consent Decree.

In addition, on a weekly basis, I conducted new employee orientation for nine IHOP franchises and assisted the Franchise Owner with employee relations.

9/2001-1/2009                     ***Staff Mediator***
                                  U.S. Equal Employment Opportunity Commission
                                  Albuquerque, NM

Employed as a Staff Mediator, (formally trained by U.S. EEOC Headquarters in Alternative Dispute Resolution (ADR) techniques), with the knowledge, experience, and skill set necessary to conduct in-person Mediation conferences for eligible charges of Discrimination and Harassment- (Title VII, ADEA, ADA, EPA, GINA), filed with the EEOC-Albuquerque Area office.

Served as a neutral third party who expertly negotiated and resolved EEOC charges of Harassment and Discrimination filed by a Charging Party against a Respondent Party - (Employer).

Consistently achieved quality and quantity goals set forth by EEOC for EEOC Mediation staff and the Albuquerque EEOC office. Recognized as Outstanding Mediator from 2001-2008.

Efficiently and independently managed the operation of the Albuquerque Alternative Dispute (ADR) Unit in the Albuquerque EEOC office.

03-1985-9/2001 (Alb) &            ***Federal Investigator***
10/1978-1/1983 (Dallas)           U.S. Equal Employment Opportunity Commission
                                  Albuquerque, NM & Dallas, TX

Conducted intake interviews with persons who claim harassment or discrimination from an employer in violation of laws enforced by US EEOC – (Title VII, ADEA, ADA, EPA, GINA). Prepared charges of employment discrimination based upon the information provided during the intake interview and in accordance with agency statutes, regulations, and procedures.

Successfully Managed and Investigated a large caseload of EEOC charges of discrimination. I interviewed witnesses, conducted expert analysis of evidence requested and obtained from the Complainant, Respondent, and Witnesses. Applied EEOC theories of discrimination to the facts of the case, prepared investigative reports, made credibility assessments, and set forth recommendations to the Director based upon the evidence acquired during the investigation.

Settled EEOC charges of discrimination, conciliated EEOC charges of discrimination and prepared the agency settlement closure documents relating thereto.

Conducted Outreach presentations in the community and state-wide to educate the public about services provided by the EEOC.

1/1983-3/1985                     ***Federal Investigator***
                                  U.S. Office of Personnel Management
                                  Albuquerque, NM

Conducted full background investigations of persons seeking employment with a federal contractor for the US DOE (Dept. of Energy).

Conducted interviews with people acquainted with the applicant. Collected and

analyzed evidence from local, state, and federal law enforcement agencies regarding the applicant.

Responsible to make recommendations regarding the subject's suitability for a US DOE Q security clearance. I held a US DOE Q clearance to perform the duties and responsibilities of this position.

| | |
|---|---|
| **Education:** | Bachelor of Arts Degree – Sociology/Social Welfare University of Texas - Austin, Texas |
| **EEO Training:** | **US Postal Service/NEEOISO Training** |

**EEO Training:**

**US Postal Service/NEEOISO Training**
32 hours: EEO Counselor/EEO Mediator Training (federal) April 2012- Tampa, Florida

**EEOC Training:** EEOC Headquarters- Washington D.C.
Basic Mediation Skills Training – (40) hours
Advanced Mediation Skills – (40) hours

**EEOC Training in Title VII, ADEA, ADA, EPA**
EEOC Headquarters- Washington D.C. (120 hours)

**EEOC Training in the Americans with Disabilities Act**
EEOC Headquarters– Held in Dallas, TX – (40) hours.

US DOE/Office for Civil Rights – Training in Title IX and R

**EEOC:** Word, Excel, PowerPoint Presentations

**Monetary Awards:**     **EEOC:**  Outstanding Mediator Award - 2002-2008

**Computer Knowledge**     Adobe Acrobat, Word, Microsoft Suite programs, PowerPoint

Page | 4